ELLIS, Judge.
The plaintiff, Henry Charles Viccinelli, has filed this suit individually and on behalf of his minor son, Charles Michael Viccinelli, as the result of a collision between his Lincoln automobile which was being driven in a southerly direction on Jefferson Highway by plaintiff, and a Chrysler coupe being driven by the defendant in a northerly direction on said highway. The plaintiff alleged that the accident occurred by reason of the fact that the defendant crossed into his lane of traffic and struck his left rear fender, which allegation was denied by the defendant. Plaintiff prayed for judgment individually in the amount of $501.29 and for the further sum of $20,000.00 on behalf of his minor son.
The district court rendered judgment in favor of the plaintiff individually in the amount of $486.29 with legal interest thereon from date of judicial demand until paid, and in the further sum of $2,500.00 on behalf of his minor child, together with legal interest from date of judicial demand until paid and all costs. From this judgment the defendant has appealed and plaintiff-appellee has answered the appeal, asking that the amount of damages on behalf of the child be increased to $8,500.00.
The evidence shows that there was a curve in the highway at the point where the accident took place, and also, to the right of a person driving in a southerly direction is a gravel road known as Witter’s Lane. There were no witnesses to the actual accident except the plaintiff and defendant and the plaintiff’s wife who was in the car with him and who, at the time, was holding on her lap their eleven month old child. The accident occurred at approximately 6 P.M. on January 19-th, 1947, and it was misting rain at the time. It is conclusively proven that the defendant came across the center line of the highway into plaintiff’s lane, and the left front portion of his car struck the left rear fender *680 of plaintiff’s car, knocking it around so that it struck some mail boxes, one of which was imbedded in concrete, tearing' them down, and defendant’s automobile proceeded approximately 200 feet in the direction in which it was travelling before it came to a stop.
Plaintiff testified that the defendant admitted he was in the wrong and had struck plaintiff’s car, and the accident report of the State Police, as well as the testimony of one of the Troopers, substantiates plaintiff’s version of the accident. In addition, defendant, after the accident, told the plaintiff that he would come by his place of business the next morning “to see about going and getting my car fixed.” The next morning the defendant came to plaintiff’s shop and told plaintiff’s father that he. had come there because “I want to take.him down to the O.K. Radiator Company to have the car fixed. It was my fault and I want to have it fixed and get through * * After this statement by defendant, plaintiff’s father sent for him and plaintiff and' defendant got in plaintiff’s car and went to the O.K. Radiator Company where defendant told Mr. Marchand of that company to fix the plaintiff’s car and he would pay for it. Following this conversation, the O.K. Radiator Company fixed as much of plaintiff’s automobile as they could secure parts for and the total amount of damages as appraised by O.K. Radiator Company was $171.00.
In addition to these admissions or actions on the part of the defendant, he later told the plaintiff that he would take care of the medical expenses for the injured child, however, the plaintiff told the defendant that that would not be enough.
Defendant attempts to deny plaintiff’s version of the accident by saying that plaintiff had pulled out of his lane of traffic in order to pass a car in front of him, however, the defendant made no such statement at the scene of the wreck to the plaintiff nor to the State Trooper nor anyone else at any, time prior to the trial of the case. We are satisfied that plaintiff's version of the accident is correct and that the defendant is liable.
The eleven months old child of plaintiff was evidently crushed very badly at the time of the accident which condition did not plainly manifest itself until January 22nd when the little fellow became short of breath, blue around his mouth and the tips of his fingers and toes, whereupon the doctor advised hospitalization. This was done on January 23rd and the child was placed in an oxygen tent and an x-ray study of his chest revealed the fracture of three ribs on the left side, hemothorax, which is described by the doctor as a “collection of blood in the thoracic cavity which is formed by the ribs on the side, the breast bone in the front, spinal column in the rear, and the cavity filled with blood * * The x-ray also revealed that the heart had been displaced from the left side to the right side where it has remained due to lesions, also, that" the left lung had collapsed. The child was kept in the hospital under an oxygen tent several days and was discharged on January 26, and after being taken home was kept in the bed for approximately four months. On the 10th day of February the doctor removed 350 C.C.’s, which is approximately 11% ounces, of bloody fluid from the child’s chest, and on three different occasions, in order to replace the lost blood, gave the child transfusions. Five days later, or approximately February 15th, the doctor removed a small amount of blood which he considered the remainder of the hemothorax. He testified that the child’s injuries were very painful, the removal of the blood being necessarily so. The doctor stated that not only the heart had been displaced but the child’s other organs in the chest region have been shifted to the right. He knew that the heart was originally in its proper place on the left because he had examined the child prior to the accident. The child also had adhesive pleuritis, which the doctor stated was traumatic, and he was left with a calcified mass in the left hemothorax which the pediatrician recommended be left alone, at least for the present. It was the doctor’s opinion that there would always be some noticeable defect in the child’s chest, both by examination and x-ray, and it was his *681 opinion that his condition would never be absolutely normal again and that if the child’s condition remained as it was he would never be able to pass an Army examination and would also have difficulty in obtaining life insurance or éngaging in any rough games such as football.
The District Court awarded the sum of $2,500.00 as damages for pain, suffering and disability of this child, which we think should be increased to $5,000.00, and it is so ordered, adjudged, and decreed. As to the $486.29 awarded individually to the •plaintiff, defendant does not question this item of damages.
As amended the judgment is affirmed.